**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAWN M. KAY-WOODS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **Case No. 08-cv-0211-MJR** |
| | ) |
| **MINNESOTA LIFE INS. CO.,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>MEMORANDUM and ORDER</u>

REAGAN, District Judge:

In February 2008, Dawn Kay-Woods ("Woods") filed suit in the Circuit Court of Madison County, Illinois against a single Defendant – Minnesota Life Insurance Company ("MLIC"). Woods asserted that MLIC – who had issued an insurance policy to Woods and her husband, Brian – unfairly denied her accidental death benefits after Brian died in a single-vehicle accident. Woods claimed that this constituted consumer fraud and breach of contract. She also alleged that MLIC vexatiously refused to settle the matter.

Woods' state court complaint prayed for $61,887.00, plus prejudgment interest, attorneys' fees, costs and statutory penalties. An affidavit filed by Woods' counsel with the complaint attested that the damages sought exceeded $50,000.[1]

---

[1]     Illinois Supreme Court Rule 222(b) requires a civil litigant in any suit seeking monetary damages to attach to his initial pleading an affidavit that the damages sought do *or do not* exceed $50,000. ***See Grady v. Marchini*, 874 N.E.2d 179, 181 (Ill. App. 2007).**

MLIC timely removed the case to this District Court on March 20, 2008, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. Now before the Court is Woods' motion to remand.

The question is whether MLIC, who bears the burden of demonstrating the existence of subject matter jurisdiction,[2] has satisfied all requirements of 28 U.S.C. § 1332. As to *non*-class actions, § 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 and the parties are completely diverse. Analysis begins with the amount in controversy.

In a removed case, the amount in controversy is the amount required to satisfy the plaintiff's demands *in full* on the day the suit was removed. **Oshana, 472 F.3d at 510-11, citing BEM I, LLC v. Anthropologie, Inc., 301 F.3d 548, 552 (7th Cir. 2002).**

Once the defendant establishes the required amount in controversy, "the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" **Oshana, 472 F.3d at 511, citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1939), and Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006).**

---

[2] **Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). Accord Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006).**

There is nothing tricky about calculating the amount in controversy here. Woods seeks $61,887.00 on her consumer fraud claim *and* on her breach of contract claim. She also seeks, on her vexatious refusal claim, attorneys' fees and statutory penalties, which are properly considered in determining the amount in controversy.

Pursuant to 215 ILCS 5/155 (which governs vexatious refusal claims in actions against insurance companies), if Wood prevails on her claim, she is entitled to an <u>additional</u> $60,000 *or* 60% of the amount she is entitled to recover against the insurer (*i.e.*, 60% of $61,887.00 claimed = $37,132.20). Adding either of those statutory penalties ($60,000 or $37,132.20) to the amount sought on Woods' other claims results in a total which clears the "over $75,000, exclusive of interest and costs" hurdle.

So the amount in controversy suffices. Which leaves the requirement that the parties be completely diverse. Plaintiff Woods is an Illinois citizen. Defendant MLIC, a corporation, is a Minnesota citizen (both incorporated in and maintaining its principal place of business in that state). But Woods — in her one-page remand motion/memo, Doc. 9 — argues that Minnesota should be treated as an Illinois citizen under 28 U.S.C. § 1332(c)(1).

Section 1332(c)(1) provides that in a "direct action against the insurer of a policy or contract of liability insurance,... to which action the insured is not joined as a party-defendant, [the] insurer shall be deemed a citizen of the State of which the insured is a citizen...."

At first blush, the case *sub judice* appears to fall within the scope of this provision. This is a suit against an insurer (MLIC) to which the insured (Woods) is not joined as a party-defendant (she is the plaintiff). Closer examination, however, produces the conclusion that this lawsuit is not a "direct action," as that term is intended and interpreted under § 1332.

The United States Court of Appeals for the Seventh Circuit has explained:

> Section 1332(c)(1) creates a special rule for insurers in "direct actions" – that is, cases in which a person with a claim against the insured sues the insurer directly. In direct actions, insurers have not only their normal citizenship(s) but also the citizenship(s) of the insured.

*Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 525 U.S. 931 (1998).[3]

Like the lawsuit in *Indiana Gas*, the instant suit does not fall within the scope of § 1332(c)(1), because this is not an action against an insurance company brought by <u>a person who has a claim against the insured</u>. Therefore, as in *Indiana Gas*, "this aspect of § 1332(c)(1) does not matter." *Id.*

So, "federal courts have jurisdiction over actions by an insured against his or her own insurance company if the two are of diverse citizenship,

---

[3] Certain states, such as Wisconsin and Louisiana, are direct-action states, "meaning that a tort plaintiff can sue his injurer's liability insurer as well as the injurer" himself. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 529 (7th Cir. 2002).

because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)." ***Hindall v. Winterthur International***, **337 F.3d 680, 683 (7th Cir. 2003)**, *citing Lee-Lipstreu v. Chubb Group of Ins. Cos.*, **329 F.3d 898, 899 (6th Cir. 2003).**

Other Circuit Courts of Appeal have reached the same conclusion. ***See, e.g., Searles v. Cincinnati Ins. Co.***, **998 F.2d 728, 729 (9th Cir. 1993)(Arizona insured's action against** *his own* **insurer for bad faith refusal to indemnify was** *not* **direct action within the meaning of § 1332(c)(1))**; ***Rosa v. Allstate Ins. Co.***, **981 F.2d 669, 675 (2nd Cir. 1992)("... 'direct action' is a form of words taken from the Louisiana statute and ... simply because an insurer is a direct party does not make the litigation a 'direct action'" for jurisdiction purposes).**

Stated another way:

> The term "direct action" as used in the insurer provision of the diversity statute refers to those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining or first obtaining a judgment against the insured…. Thus, a direct action does not exist unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured.

> Indeed, Congress intended the word "direct" to limit the word "action," so that its impact would be narrowed to those situations in which the injured party is permitted to sue, directly and without joinder of the insured tortfeasor, the tortfeasor's liability insurer without first obtaining judgment against the tortfeasor.

**32A Am. Jur. 2d Federal Courts § 728 (2nd ed.; updated March 2008).**

Clearly, the case at bar is not a "direct action" under § 1332(c)(1). MLIC (the insurer) is being sued by its insured (Woods). MLIC does *not* take on Woods' citizenship for purposes of determining diversity. MLIC is a Minnesota citizen. Woods is an Illinois citizen. Diversity is complete.

The party seeking this federal forum (MLIC), has shown that the amount in controversy suffices and that complete diversity exists. Because this Court enjoys subject matter jurisdiction under 28 U.S.C. § 1332, the undersigned Judge hereby **DENIES** Woods' remand motion (Doc. 9) as well as Woods' request for attorney's fees contained within that motion.

Finally, the Court **DENIES** MLIC's request (contained in Doc. 15) for an award of $1575 in attorneys' fees. That request is supported by citation to no caselaw, statute or Federal Rule of Civil Procedure.

It is unclear whether the fee award is sought as a *sanction* against Woods for filing the ultimately unsuccessful remand motion or based on some other ground. And this is not a situation in which fees are warranted because the removing party lacked an objectively reasonable basis for removal. ***See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal").** It is the removing party here who seeks the sanction against the party attempting remand (not the reverse).

IT IS SO ORDERED.

DATED this 20th day of May 2008.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge