IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAWN M. KAY-WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-cv-0211-MJR-CJP |
| | ) | |
| MINNESOTA LIFE INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

REAGAN, District Judge:

### A. Introduction

On May 20, 2008, the undersigned Judge determined that this Court enjoys subject matter jurisdiction over the above-captioned case, which was timely removed from the Circuit Court of Madison County, Illinois. Three days later, the removing party – Minnesota Life Insurance Company (MLI) – moved to dismiss two counts of plaintiff's three-count complaint. That fully-briefed dismissal motion (Doc. 21) comes now before the Court. For the reasons discussed below, the Court partially grants and partially denies the motion.

### B. Applicable Legal Standards and Analysis

Dawn Kay-Woods (Woods) claims that MLI wrongly refused to pay accidental death benefits after her husband, Brian, died in a single-vehicle accident. Specifically, Woods contends that MLI improperly refused to pay benefits under a policy of insurance issued on May 23, 2006 – a policy which

provided "payoff" coverage on the Woods' home mortgage loan with Wells Fargo, the amount of which was $61,887.00 when Brian died.

Woods alleges that MLI's conduct violated the Illinois consumer fraud statute, 815 ILCS § 500/1, *et seq.*(Count I), constitutes breach of contract (Count II), and constitutes "vexatious and unreasonable refusal to settle" under 215 ILCS § 5/155 (Count III). Woods' seeks roughly $62,000 in damages (the amount of the mortgage loan at the time of Brian's death) plus prejudgment interest, attorneys' fees, costs and statutory penalties.

Having answered Count II of Woods' complaint, MLI urges the Court to dismiss Counts I and III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly**, – U.S.–, **127 S. Ct. 1955, 1965 (2007)**; **EEOC v. Concentra Health Services, Inc.**, **496 F.3d 773, 776 (7th Cir. 2007)**.

In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. **Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP**, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); **Marshall v. Knight**, 445 F.3d 965, 969 (7th Cir. 2006); **Corcoran v. Chicago Park** District, 875 F.2d 609, 611 (7th Cir. 1989).

Stated another way, the question on a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests. ***Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)**; ***Mosely v. Board of Education of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006)**. Additionally, although federal complaints need only plead claims not facts, the pleading regime created by ***Bell Atlantic*** requires the complaint to allege a plausible theory of liability against the defendant. ***Sheridan v. Marathon Petroleum Co., LLC*, 530 F.3d 590, 596 (7th Cir. 2008)**. ***See also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008)**.

In ***Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)**, the Seventh Circuit emphasized that even though ***Bell Atlantic*** "retooled federal pleading standards" and "retired the oft-quoted ***Conley*** formulation," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." ***Id.* Accord *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)**("surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations "must be enough to raise a right to relief above the speculative level").

In assessing a Rule 12(b)(6) motion, this Court may not consider materials "outside the pleadings."[1] Federal Rule of Civil Procedure 12(d) requires that such materials only be considered if the motion is treated as one for summary judgment under Rule 56, with notice to the parties that the motion will be construed as such plus an opportunity to brief the motion that way. **FED. R. CIV. PROC. 12(d)**.

This Court is not obligated to rely on the outside materials. But if outside materials *are* considered, the notice and briefing opportunity is mandatory. ***Loeb Industries, Inc. v. Sumitomo Corp.***, 306 F.3d 469, 479 (7th Cir. 2002); ***Omega Healthcare Investors, Inc. v. Res-Care, Inc.***, 475 F.3d 853, 855 n.3 (7th Cir.), *cert. denied*, 127 S. Ct. 3013 (2007).

In the instant case, the issue is dual – whether Count I states a claim for consumer fraud (under the Illinois consumer fraud statute) and whether Count III states a claim for vexatious refusal by an insurer (under the Illinois Insurance Code). As explained below, dismissal of Count I is warranted, but dismissal of Count III is not.

Count III survives Rule 12(b)(6) scrutiny under ***Bell Atlantic***,

---

[1] The pleadings consist of the complaint, answer to the complaint, answer to a counterclaim or crossclaim, third-party complaint, answer to third-party complaint, and (if ordered by the Court to be filed) a reply to an answer. **FED. R. CIV. P. 7(a).** Assuming no counterclaim has been filed, the pleadings are closed once the complaint and answer are filed. Affidavits and declarations are not "pleadings."

because (a) Count III provides sufficient detail to fairly notify MLI of what the claim is and the grounds on which it rests, and (b) Count III contains allegations showing that it is *plausible* (not purely speculative) that Woods may be entitled to relief.

Under the federal system of notice-pleading, a complaint need not allege all or *any* of the facts logically entailed by the claim, and it certainly need not include evidence.  **Tamayo, 526 F.3d at 1081, citing Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998).**  So, for instance, Woods was not obligated to plead the specific *ways* in which MLI's conduct was vexatious.  **See, e.g., Tamayo, 526 F.3d at 1085 (to survive dismissal, as opposed to summary judgment, complaint "need not state the respects in which the defendant was alleged to be negligent, i.e., driving too fast, driving drunk, etc.").**  For all these reasons, MLI's dismissal motion warrants denial as to Count III, and analysis turns to Count I – Woods' consumer fraud claim.

Earlier this month, the United States Court of Appeals for the Seventh Circuit examined what is needed to state a claim under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.* ("the Act").  The Seventh Circuit referenced the purposes of the Act and then focused on the conduct covered thereunder:

> The Illinois Consumer Fraud Act "is a regulatory and remedial statute intended to protect consumers … against fraud, unfair methods of competition, and other unfair and deceptive business practices."

> *Robinson v. Toyota Motor Credit Corp.*, ... 775 N.E.2d 951, 960 (Ill. 2002). The Supreme Court of Illinois has held that recovery under the Consumer Fraud Act "may be had for unfair as well as deceptive conduct." *Id.*... [T]hree considerations guide an Illinois court's determination of whether conduct is unfair under the Consumer Fraud Act: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers."

***Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, — F.3d —, 2008 WL 2941171, \*4 (7th Cir. Aug. 1, 2008).**

So, the Act protects consumers against fraud and other abusive acts by businesses that market products to the public. ***BASF AG v. Great American Assur. Co.*, 522 F.3d 813, 821 (7th Cir. 2008).** The complaint in the case at bar alleges only consumer fraud, not any other unfair business practice, but fails to state a claim on which relief can be granted.

To state a claim under the Illinois Consumer Fraud Act, a plaintiff must plead: (1) a deceptive act or unfair practice by defendant, (2) the defendant's intent that the plaintiff rely on that act or practice, (3) that the act or practice occurred in the course of conduct involving trade or commerce, and (4) that the act or practice proximately caused the plaintiff's injury. ***Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 575-76 (7th Cir. 2001);** *Galvan v. Northwestern Memorial Hospital*, 888 N.E.2d 529 (Ill. App. 2008), *citing Robinson*, 775 N.E.2d at 951; *Connick v. Suzuki*

*Motor Co.*, 675 N.E.2d 584 (Ill. 1996).

Count I of Woods' complaint states that Woods relied on MLI's representations "in its certificate of insurance," but it alleges only that after insured Brian Woods was killed in a one-vehicle accident, MLI refused to pay benefits under a claim filed by Dawn, and MLI's denial "constitutes consumer fraud" under the Act. Count I contains no allegation of proximate cause and no allegation that the conduct complained of involves trade, involves commerce, or otherwise implicates consumer protection concerns.[2]

Those pleading errors might be rectified by amending the complaint. But a more substantial problem remains. The law of this Circuit provides that simple breaches of contract and failures to fulfill contractual obligations are not actionable under the Illinois Consumer Fraud Act.

In **Shaw v. Hyatt Intern. Corp.**, **461 F.3d 899, 901-02 (7th Cir. 2006),** the Court reiterated the principle, "consistently applied by Illinois courts in myriad circumstances," that a deceptive act or practice involves "more than the mere fact that a defendant promised to do something and then failed to do

---

[2] This Court rejects MLI's assertion that Count I merits dismissal for failing to plead fraud with specificity (*see* Doc. 22, p. 5). In **Windy City, – F.3d –, 2008 WL 2941171, *4 (Aug. 1, 2008),** the Seventh Circuit held: " Because neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)."

it. That type of misrepresentation occurs every time a defendant breaches a contract."

The Seventh Circuit in *Shaw* looked to ***Avery v. State Farm Mutual Auto Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005)**, in which the Illinois Supreme Court squarely held that a "breach of contractual promise, without more, is not actionable under the Consumer Fraud Act."

Similarly, in ***Sklodowski v. Countrywide Home Loans, Inc.*, 832 N.E.2d 995, 999-1000 (Ill. App. 2006)**, the Illinois Court of Appeals held that a claim for delay in refunding mortgage escrow, based on a mortgage provision promising a "prompt refund," could *not* be brought under the Consumer Fraud Act, because it was simply an allegation that Countrywide failed to live up to its contractual obligations.

Applying the same reasoning to the case sub judice reveals that Count I is not actionable under the Consumer Fraud Act, because Count I simply alleges that MLI failed to honor its contractual obligations under the insurance policy issued to Woods and her husband. Thus, even if it were amended to perfectly allege all elements of a claim under the Illinois Consumer Fraud Act, *at best* Count I duplicates Woods' other claims (*e.g.*, Count II for breach of contract by MLI) and *at worst* Count I is not actionable under the Illinois Consumer Fraud Act.

C. Conclusion

Accordingly, the Court **GRANTS IN PART** (as to Count I) and **DENIES IN PART** (as to Count III) MLI's motion to dismiss (Doc. 21). Woods' claim under the Illinois Consumer Fraud Act (Count I) is dismissed with prejudice. Still remaining are Woods' breach of contract (Count II) and vexatious refusal (Count III) claims.

For clarity of the record and ease of future reference, the Court **DIRECTS** Woods to file an Amended Complaint which includes her breach of contract and vexatious refusal claims **on or before August 25, 2008**, preferably using Arabic numbers (1, 2, *et seq.*) rather than Roman numerals.

The amendment should not affect Woods' July 7, 2008 summary judgment motion (Doc. 25), now pending before the Court with briefs due through August 25, 2008.

As to that motion, the Court **DIRECTS** Woods by August 25th to re-file as a "Supplement" the single-sheet document attached to her summary judgment motion (Doc. 25-2, driver's license abstract for Brian K. Woods), because the copy on the Court's electronic filing system is illegible.

Finally, Woods' counsel may in his reply brief (due August 25th) clarify the second paragraph of his "Memorandum of Law" supporting the summary judgment motion. That paragraph (Doc. 26, p. 1) asks the Court to enter judgment now in favor of Woods "for the amount of the verdict plus

interest and attorney fees." This language is confusing in that the entry of summary judgment in Woods' favor presumably would obviate the need for a trial, so there would be no *verdict* with an amount of damages found by a jury. It is also less than crystalline which counts/claims the summary judgment motion is directed to; something else Woods can clarify in the reply brief.

IT IS SO ORDERED.

DATED this 18th day of August 2008.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge