IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAWN M. KAY-WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-cv-0211-MJR |
| | ) | |
| MINNESOTA LIFE INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM and ORDER**

REAGAN, District Judge:

    A.    <u>Introduction & Procedural Background</u>

This Court's prior Orders herein (on motions to dismiss and cross-motions for summary judgment) delineate the facts of the case, which need not be repeated in detail. The overview is as follows.

The Court enjoys subject matter jurisdiction under the federal diversity statute. Dawn Kay-Woods ("Dawn") challenges Minnesota Life Insurance Company ("MLIC")'s refusal to pay accidental death benefits after her husband Brian died in a single-vehicle accident. The benefits in question were sought under an insurance policy that provided "payoff coverage" on the Woods' home mortgage loan. The amount of that loan was $61,887.00 when Brian died. Dawn's August 2008 amended complaint alleges that MLIC's actions constitute breach of contract and vexatious/unreasonable refusal to settle under Illinois law.

The case is scheduled for settlement conference April 14, 2009, final pretrial conference April 24, 2009 and bench trial April 27, 2009.

On November 18, 2008, the Court denied the parties' cross-motions for summary judgment (Doc. 50, "the November Order"). In the November Order, the undersigned Judge found that, despite the voluminous record before him and the fact "this case is capable of being resolved via summary judgment," the Court lacked certain information needed to grant summary judgment in favor of either party (Doc. 50, p. 10).

On February 5, 2009, MLIC filed a *renewed* motion for summary judgment (Doc. 57), to which Dawn responded March 6, 2009 (Doc. 59) and filed supplemental exhibits (Docs. 63, 64, 68) and MLIC replied March 31, 2009 (Doc. 69). The motion has been fully briefed. For the reasons described below, the Court grants MLIC's renewed motion for summary judgment.

B. <u>Analysis</u>

Summary judgment is appropriate where the pleadings, discovery and disclosure materials on file and any affidavits show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **Estate of Suskovich v. Anthem Health Plans of Virginia, Inc., 553 F.3d 559, 563 (7th Cir. 2009),** *citing* **Fed. R. Civ. P. 56(c). Accord Breneisen v. Motorola, Inc., 512 F.3d 972 (7th Cir. 2008); Levy v. Minnesota Life Ins. Co., 517 F.3d 519 (7th Cir. 2008).**

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Dawn). ***Lloyd v. Swifty Transp., Inc.***, 552 F.3d 594, 600 (7th Cir. 2009); ***TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.***, 491 F.3d 625, 630 (7th Cir. 2007); ***Reynolds v. Jamison***, 488 F.3d 756, 764 (7th Cir. 2007).

The non-movant cannot rest on her pleadings, though. Rather, the non-movant must provide evidence on which the jury or court could find in *her* favor. ***Maclin v. SBC Ameritech***, 520 F.3d 781, 786 (7th Cir. 2008). As the Seventh Circuit Court of Appeals explained earlier this year:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party.

***Giant Screen Sports v. Canadian Imperial Bank of Commerce***, 553 F.3d 527, 531-32 (7th Cir. 2009).

This Court applies the substantive law of Illinois, the state in which this diversity case was filed, to Dawn's claim. ***Id.***, *citing* ***Global Relief Found., Inc. v. New York Times Co.***, 390 F.3d 973, 981 (7th Cir. 2004). Under Illinois law, the interpretation of an insurance policy is a question of law properly decided via summary judgment. ***BASF AG v. Great American***

*Assurance Co.*, 522 F.3d 813, 818-19 (7th Cir. 2008), *citing Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993). A court's primary objective in construing the terms of an insurance policy is to give effect to the parties' intentions, as expressed by the language of the policy. *BASF*, 522 F.3d at 819.

Where the terms of an insurance policy are clear and unambiguous, they must be applied as written. Terms are ambiguous if they are reasonably susceptible to more than one interpretation, "not simply if the parties can suggest creative possibilities for their meaning." *BASF*, 522 F.3d at 819. Ambiguous terms are construed against the drafter of the policy, but a court should not search for ambiguities where none exists. *Id.*

There is no ambiguity in the contract here. On May 23, 2006, MLIC issued the insurance policy in question to Dawn and Brian – Contract #0390019-001101554159 ("the Policy," copy at Doc. 43). The Policy includes an accidental death and dismemberment benefit, furnishing a lump sum payment when MLIC receives "proof satisfactory to us that you died or suffered a dismemberment loss" resulting from an accidental injury.

An exception to coverage is central to this case. The Policy plainly provides that benefits will *not* be paid if the death or dismemberment results from or is caused directly by, inter alia, "your commission of a felony" (Doc. 43, p. 3). The issue is whether Brian's March 2, 2007 death in a one-vehicle

accident resulted from his commission of a felony.

The accident report prepared by the Illinois State Police (Doc. 31-4, pp. 12) states:

> Unit 1 [Brian's vehicle] was traveling northbound on Rt. 111 at Whispering Oaks Lane. Unit 1 left the roadway on the right shoulder for no apparent reason and traveled 192 feet before striking a tree.... Witness 1 stated Unit 1's brake lights were activated shortly before it struck the tree. No skid marks on roadway or grass. The driver of Unit 1 was declared dead on scene. Unit 1 driver's license was in Revoked Status at time of crash.

The Jersey County Coroner's toxicological evaluation establishes that, at the time of his death, Brian Woods' blood contained 0.184 gm% alcohol (ethanol) and 0.094 mg/ml cocaine (Doc. 31-4, p. 3). Under Illinois law, a blood alcohol level of 0.08% or more constitutes driving while under the influence (DUI). **625 ILCS 5/11-501(a)(1).** Driving under the influence with a suspended or revoked driver's license for a *previous* DUI constitutes a Class 4 felony. **625 ILCS 5/11-501(d)(1)(G) and (d)(2)(A).**

As the November Order noted, the parties agreed Brian was driving on a revoked license on March 2, 2007. The question was the *basis* for that revocation. MLIC contended the revocation was for the DUI (triggering the policy exclusion based on commission of a felony). Dawn insisted the revocation stemmed from a 2003 *reckless driving* conviction, so even if Brian was DUI on March 2, 2007, he was not committing a felony under Illinois law.

The November Order thoroughly set out the chronology of events beginning with Brian's 2002 DUI conviction (which resulted in revocation of his driver's license on December 21, 2002) and continuing through his June 2003 reckless driving conviction (which resulted in the July 3, 2003 *extension* of Brian's license revocation). Denying cross-motions for summary judgment, the November Order concluded (Doc. 50, p. 11):

> The Policy expressly excludes coverage if Brian was committing a felony when he died. The undisputed toxicological report reveals that Brian's blood alcohol level was well above the .08% constituting the offense of DUI under Illinois law. Because Brian had a prior DUI offense at that time, he was committing a felony IF his license still was revoked *based on* the DUI offense.
>
> Counsel have not presented sufficient information for this Court to decide whether the revocation in place on the date of Brian's accident related back to the DUI or, instead, stemmed afresh from an intervening (and *non* alcohol-related) conviction – the July 2003 conviction for reckless driving. The Policy squarely covers or *excludes* coverage depending on the answer to that question.

The parties now have furnished additional evidence bearing on this critical issue. An affidavit from Brenda Glahn of the Driver Services Department of the Illinois Secretary of State ("Glahn Affidavit") establishes that, on the date in question, Brian's driver's license was <u>not</u> revoked *for* the 2003 reckless driving charge. Brian's license was revoked on December 21, 2002 for a **DUI** offense that occurred on August 23, 2001 (*id.* ¶ 3).

When he received the May 2003 reckless driving citation, Brian's "license was still revoked for the prior DUI conviction," and the "reckless driving conviction resulted in the ***DUI revocation*** *being extended*" (*id.* ¶¶ 5-6, emph. added). Additionally, the Glahn Affidavit attests: "As of March 2, 2007," Brian's "driving license remained revoked **for DUI**" (*id.*, ¶ 7, emph. added; *see also* driving record at Doc. 57, p. 6). Because Brian's license was revoked for a prior DUI offense when he was DUI on March 2, 2007, he was committing a Class 4 felony at the time of the fatal crash.

Against this evidence, Dawn presents three arguments.

First, Dawn argues that even if the Court finds that Brian "was committing a felony on March 2, 2007 when he was killed ... summary judgment should still be entered for the Plaintiff and against the Defendant," because the "so-called felony ... is a felony that requires the analysis and interpretation of the statutes ... as well as an analysis of his driving abstract" (Doc. 59, p. 2).

This argument is a nonstarter. If Brian was committing a felony at the time of his death, the policy exclusion kicks in, and MLIC was not obligated to provide the accidental death benefits. That conclusion is not blocked (and summary judgment is not rendered inappropriate) because the analysis involves review of driving records and Illinois statutes. This Court routinely reviews records and interprets statutes in ruling on dispositive motions.

Second, Dawn declares that summary judgment cannot be granted in favor of MLIC, because: "In a criminal court of law, an alleged criminal is innocent until proven guilty beyond a reasonable doubt," which cannot occur here because "no one knows what happened" just prior to Brian's van crashing into the tree (Doc. 59, p. 3). The cause of Brian's death "remains speculatory" (*id.*). A "deer could have crossed in front of his vehicle," Brian could have died of natural causes, and we do not even know "who was driving the vehicle" (*id.*, pp. 2-3).

This argument is unavailing. The van belonged to Brian. The accident report states that Brian was the operator of the van. No other persons were seen in the van immediately before or after the crash by the witnesses or the emergency responders. *See* Death Investigation Report, Doc. 31-4, at pp. 1-2, noting that coroner had pronounced white male dead at scene at 8:58 pm on March 2, 2007, and that male was removed "from the vehicle of which he was the driver and only occupent [sic]."

Nor has Dawn presented any evidence whatsoever to support her alternative causation theory (for instance, that Brian's death was caused by a deer leaping into the path of his van or that Brian died from "natural causes"). She has come forward with no specific facts to counter the undisputed toxicological evidence that Brian's blood alcohol level was 0.184% when his vehicle left the roadway and struck a tree, resulting in his death. This line of

attack does nothing more than "raise some metaphysical doubt as to the material facts," which is insufficient to defeat summary judgment. ***Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)**, *quoting **Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006)**, *cert. denied*, **549 U.S. 1210 (2007)**, and ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).**[1]

Moreover, this case is *not* a criminal prosecution with the burdens of proof which apply in such proceedings. As this Court noted in the November Order, the law of this Circuit holds that a criminal conviction is *not* needed to activate the "commission of a felony" exclusion under accidental death and dismemberment policies. ***See Steele v. Life Ins. Co. of North America*, 507 F.3d 593, 598 (7th Cir. 2007)(accidental death policy's felony exclusion applied to conduct punishable as a felony under Illinois law, whether or not a conviction was obtained for that conduct).**

In ***Steele***, the Seventh Circuit explained:

> It goes without saying that for criminal *punishment* to result … a conviction is a prerequisite. But Mrs. Steele's emphasis on the absence of a conviction is misplaced. Under Illinois law, "the term 'felony' denotes an action that renders one liable to a certain amount of punishment…. Illinois does not define

---

[1] Dawn did tender a four-sentence affidavit from a witness, Casher Catlett (Doc. 68), but that simply states that Catlett was driving behind Brian's van for roughly 2 miles on March 2, 2007, and the van was being driven "in a normal manner" before it "went off the road."

'felony' with any reference to whether there has been a 'conviction.'"

***Id.* at 596 , *citing Berg v. Board of Trustees, Local 705*, 725 F.2d 68, 70 (7th Cir. 1984).** So a conviction based on proof beyond a reasonable doubt is not needed for the exclusion to apply in the case *sub judice*.

Dawn's third argument lacks merit as well. She references the rule of contract interpretation that any ambiguity must be construed against the drafter of the contract (or Policy). The statement is true, but there is no ambiguity here to construe *against* MLIC.

The Policy excludes accidental death coverage if the death resulted from or was caused by the insured's "commission of a felony" (Doc. 43, p. 3). Brian Woods was driving under the influence of alcohol at the time of the fatal crash. At that time, his license was revoked for a prior DUI conviction. The Illinois Vehicle Code provides that driving under the influence of alcohol on a revoked license that resulted from a previous DUI violation is a Class 4 felony. **625 ILCS 5/11-501(d)(1)(G) and (2)(A).** Therefore, under Illinois law, Brian was committing a felony at the time of his death.

To survive summary judgment, the non-movant must offer evidence establishing a triable issue of fact on all essential elements of her case. If there is no triable issue of fact on even one essential element of the nonmoving party's case, summary judgment is appropriate. ***Lewis v. CITGO Petroleum Corp.*, — F.3d —, 2009 WL 902288, \*2 (7th Cir. April 6, 2009).**

Furthermore, this Court may find that a genuine issue of material fact exists, precluding summary judgment, "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." ***Argyropoulos*, 539 F.3d at 732, *citing Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1450 (2008)**. In the case at bar, construing the facts and reasonable inferences in the light most favorable to Dawn, the non-movant, the Court reaches the only conclusion permissible on the ample record before it – MLIC is entitled to summary judgment.

C.  Conclusion

No genuine issue of material fact remains, and MLIC is entitled to judgment as a matter of law. The Court **GRANTS** MLIC's renewed motion for summary judgment (Doc. 57). The Clerk of Court shall enter judgment in favor of Defendant Minnesota Life Insurance Co. and against Dawn M. Kay-Woods herein. This Order results in the cancellation of all settings herein.

IT IS SO ORDERED.

DATED this 8th day of April 2009.

s/ ***Michael J. Reagan***
MICHAEL J. REAGAN
United States District Judge